## Case No. 14,759.

UNITED STATES v. CAUSIN.

[1 Hayw. & H. 37.] [1]

Circuit Court, District of Columbia. May 1, 1841.

OFFICERS—TERMS OF OFFICE—JUDGE.

By the act of congress of May 25, 1838 [5 Stat. 229], the additional judge of the orphans' court appointed under that act held his office for life, and the office was not vacant on the death of the judge he was commissioned to assist.

The petitioners, Richard Wallach and others, by their counsel, J. M. Carlisle and Henry May, pray that a writ of quo warranto be awarded, and directed to Nathaniel P. Causin, commanding him to be and appear before the court to exhibit the right and authority under and by virtue of which he exercises the powers, functions, and authority of judge of the orphans' court.

The facts as stated in the petition are as follows: In 1838 the office of judge of the orphans' court of the county of Washington, District of Columbia, was held by Samuel Chase, who, by reason of his age and infirmities, became disqualified from performing the duties of the office. That congress, on the 25th of May, 1838,[2] provided for the appointment of an additional judge of the orphans' court; that under this act the president appointed and commissioned N. P. Causin to the office created by said act; that Samuel Chase since died. The petitioners hold that the office of the judge of said orphans' court has become vacant, and show that the

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

[2] Act May 25, 1838, c. 85: "Whereas, the judge of the orphans' court in, &c., is, by reason of age and infirmity, disqualified for the due and proper discharge of the duties of his office.

"Be it enacted, &c. That there shall be appointed in and for the county of Washington, an additional judge of the orphans' court, who shall take an oath for the faithful and impartial discharge of the duties of his office, and who shall have the same powers, perform the same duties and receive the same salary, as are exercised, performed and received by the present judge of the said orphans' court.

"Sec. 2. That during the life or continuance in office of the present judge of the said orphans' court, the powers of the said orphans' court shall be vested in the said two judges jointly, or may be exercised by the said additional judge separately, as provided in the foregoing section, and that after the death or resignation of the present judge, the said orphans' court shall consist of a single judge as heretofore."

public good requires that the question thus presented should be settled by the court.

The following rule was served on the respondent: That you show cause why a writ of quo warranto shall not be issued directed to Nathaniel P. Causin, commanding him to be and appear before this court, then and there to exhibit the right and authority of which he exercises the powers, functions, and authority of the judge of said orphans' court, and submit to such order or decree and judgment as the court shall deem right and proper in the premises.

The respondent answered that there is no tenure in the act of February 27, 1801 [2 Stat. 103], authorizing the appointment of a judge of said court, by which the judge shall hold his office, but the tenure of said office has always been understood from that time hitherto to be during good behavior, and the tenure of which is prescribed by the constitution of the United States (article 3, § 1), and the respondent relied on such contemporaneous exposition of the act organizing said court as well as on the uniform subsequent interpretation thereof for forty years, for the purpose of showing that the office is held under the constitution by the tenure prescribed by said article 3, § 1, of the constitution of the United States.

The counsel for the petitioners contended that under the act of 1838 the tenure of office was limited to the life of Judge Chase, and that his decease caused a vacancy in the office of judge of the orphans' court.

J. M. Carlisle and Henry May, for petitioners.

Joseph H. Bradley and Brent & Brent, for respondent.

THE COURT, without an argument from the counsel for the respondent, decided that there was no vacancy in the judgeship, and that the appointment of Nathaniel P. Causin as judge of the orphans' court of the county of Washington, District of Columbia, was during good behavior, or, in other words, for life.